UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST; and IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> TRIFECTA STEEL, LLC d/b/a KENTUCKY BUILDING SYSTEMS LLC, <br> A Kentucky Limited Liability Company, <br><br> Defendant. | CASE NO.:  4:20-cv-570 <br><br> JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, and the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant TRIFECTA STEEL, LLC d/b/a KENTUCKY BUILDING SYSTEMS LLC, and in support, allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 29 U.S.C. § 1132(e)(2) in that the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION

1

TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, and the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, the "Trust Funds" or "Plaintiffs") are administered within the jurisdiction of the United States District Court, Eastern District of Missouri, Eastern Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements, and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002.

4. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to 29 U.S.C. § 1132(a)(3), the Trust Funds are authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Local No. 103 ("Local 103") is the bargaining representative of Defendant TRIFECTA STEEL, LLC d/b/a KENTUCKY BUILDING SYSTEMS LLC's bargaining unit employees.

7. The Defendant TRIFECTA STEEL, LLC d/b/a KENTUCKY BUILDING SYSTEMS LLC ("Trifecta") is a Kentucky Limited Liability Company with its principal place of business in Owensboro, Kentucky.

## COUNT I
## BREACH OF COLLECTIVE BARGAINING AGREEMENT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. Trifecta is an employer engaged in an industry affecting commerce.

10. Beginning on or about December 17, 2018, the Trifecta entered into a series of Site Agreements with Local 103 for individual projects performed within Local 103's territorial jurisdiction.

11. Trifecta entered into Site Agreements for work performed at Brescia University, the Henderson County Public Library, GAF, and the University of Southern Indiana (collectively "Site Agreement Projects"). (A copy of the Brescia University Site Agreement is attached as **Exhibit 1**).

12. Through the Site Agreements, Trifecta agreed to be bound by the Collective Bargaining Agreement ("CBA") between Local 103 and the Tri-State Iron Workers Employers Association and Trust Agreements for any work performed on the Site Agreement Projects. (A copy of the CBA is attached as **Exhibit 2**).

13. Pursuant to the CBA and Trust Agreements, Trifecta is required to make monthly reports of hours worked by covered employees and pay contributions and wage assessments to the Trust Funds and Union Funds at the negotiated rates for any work performed on the Site Agreement Projects.

14. Pursuant to Article IX, Section 1 of the Trust Funds' respective Trust Agreements, contributing employers "shall promptly furnish to the Trustees, on demand, such payroll records and data they have with respect to the individual Employees benefiting from this Agreement and Declaration of Trust that the Trustees may require in connection with the administration of the Trust . . . ."

15. Pursuant to the Trust Agreements, the Trust Funds adopted a Uniform Policy on Delinquent Employer Contributions ("Delinquent Contributions Policy").

16. Pursuant to Section D, Paragraph 1 of the Delinquent Contribution Policy, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount of unpaid contributions and interest at the rate of one and one-half percent (1.5%) per month compounded monthly unless the applicable CBA explicitly states otherwise.

17. Monthly contribution reports and contributions are due on the fifteenth (15th) day of the month following the month in which the work was performed.

18. Pursuant to Section 502(g)(2) of ERISA and the Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds shall be responsible for payment of attorney's fees and costs associated with the collection of the delinquent contributions.

19. A recently completed payroll compliance audit for the period of December 1, 2018, through January 31, 2020, revealed that contributions totaling $57,298.53 are owed to the Trust Funds on behalf of the Trifecta employees performing work on the Site Agreement Projects.

20. As a result of the audit deficiencies revealed by the audit on behalf of the Trifecta employees performing work on the Site Agreement Projects, liquidated damages have been assessed in the aggregate amount of $5,729.85 and interest has accrued in the amount of $1,677.49 as of March 31, 2020.

21. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Trifecta.

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

23.  Trifecta is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A.  That this Honorable Court enter Judgment in favor of the Plaintiffs and against Trifecta in the amount of $64,705.87 for unpaid contributions, liquidated damages, and interest revealed by the audit;

B.  That Judgment be entered in favor of Plaintiffs and against Trifecta for any other contributions, liquidated damages, and interest found to be due and owing in addition to the amounts referenced in Paragraph A above;

C.  That Trifecta be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

D.  That this Court grant the Plaintiffs any other relief that this Court deems to be just and equitable pursuant to 29 U.S.C. § 1132(g)(2)(E) or otherwise.

    Respectfully Submitted,

    **IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST** *et al.*

    /s/ William M. Blumthal, Jr.
    *One of Plaintiffs' Attorneys*

William M. Blumthal, Jr.
Bar No. 6281041IL
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
blumthal@johnsonkrol.com
(312) 372-8587