# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT ) <br> COUNCIL PENSION TRUST, et al., ) <br>　　　　　　　　　　　　　　　　) <br>　　　　Plaintiffs, 　　　　　　　) <br>　　　　　　　　　　　　　　　　) <br>　　v. 　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　) <br> TRIFECTA STEEL, LLC d/b/a KENTUCKY ) <br> BUILDING SYSTEMS, LLC, 　　　　) <br> A Kentucky Limited Liability Company, ) <br>　　　　　　　　　　　　　　　　) <br>　　　　Defendant. 　　　　　　　) | No. 4:20-CV-570 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Order Requiring William L. Sterett, III to Appear and Show Cause as to Why He Should Not Be Held in Contempt. (ECF No. 27). For the reasons below, the Court will deny Plaintiffs' Motion without prejudice.

## BACKGROUND

On April 22, 2020, Plaintiffs brought this action against Trifecta Steel, LLC ("Trifecta") under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145. (ECF No. 1). Trifecta did not respond to Plaintiffs' Complaint and the Court issued a Clerk's Entry of Default on July 17, 2020. (ECF No. 18). On January 25, 2021, the Court issued an order compelling Trifecta to respond to Plaintiffs' post-judgment Request for Production and designate a corporate representative for deposition by February 4, 2021. (ECF No. 24).

Plaintiffs filed the present motion on February 12, 2021, alleging that Trifecta, through Mr. Sterett, failed to comply with the Court's Order. (ECF No. 27). In response, Mr. Sterett filed a letter with the Court explaining that he could not comply because he was ill and there was an ice

storm that made it difficult to send documents. (ECF No. 28). Mr. Sterett states that he did ultimately send documents but "the subpoenas issued by Mr. Blumthal are not valid and violate the Court's rules of procedure." *Id.*

In their Reply, Plaintiffs argue that Mr. Sterett's response is insufficient because it "does not include written responses identifying what documents are responsive to each request, and fails to include documents responsive to all of Plaintiffs' Requests for Production." (ECF No. 29). Plaintiffs also contend that Trifecta, through Sterett, failed to designate a corporate representative as required by the Court's Order. *Id*.

## DISCUSSION

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or judgment, or to compensate the complainant for losses sustained, or both. *Chicago Truck Drivers*, 207 F.3d at 504-05. The Court's contempt power also extends to non-parties who have notice of the Court's Judgment and the responsibility to comply with it. *Chicago Truck Drivers*, 207 F.3d at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. *Chicago Truck Drivers*, 207 F.3d at 504-05. Here, Plaintiffs' averments could support a finding of contempt. But Plaintiffs have not attached any evidence to support their contention that Mr. Sterett failed to comply with the Court's

Order. Simply put, Plaintiffs have not provided clear and convincing evidence of the alleged violation.

## CONCLUSION

Because Plaintiffs have not met their burden, the Court will deny Plaintiffs' Motion (ECF No. 27) without prejudice. Nothing in this Order precludes Plaintiffs from pursuing a motion for contempt and attaching evidence thereto. Such evidence may include a copy of Mr. Sterett's responses, an affidavit explaining why Plaintiffs feel those responses are deficient, a copy of the Notice of Deposition in this matter, and a copy of the Request for Production at issue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Order Requiring William L. Sterett, III to Appear and Show Cause as to Why He Should Not Be Held in Contempt (ECF No. 27) is **DENIED** without prejudice. Plaintiffs may file a motion for contempt, which must be accompanied by a memorandum in support. Consistent with the terms of this Memorandum and Order and the Local Rules of this Court, Plaintiffs' memorandum in support must contain citations to legal authority and Plaintiffs must attach to their memorandum all documentary evidence upon which they rely in support of their motion.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Order to William L. Sterett, III, Trifecta Steel, LLC, P.O. Box 22873, Owensboro, KY 42304 and John David Meyer, Registered Agent, 100 East Veterans Blvd., Owensboro, KY 42303.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of September, 2021.